Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, New Jersey 08003
Telephone: 856-429-8334
Attorney of Record: Amy L. Bennecoff (AB0891)
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

WILLIAM P. CERTO,                        )
                                         )
Plaintiff,                               )
                                         )
        vs.                              )   **CIVIL ACTION NO.**
                                         )
                                         )
PORTFOLIO RECOVERY                       )
ASSOCIATES LLC                           )
                                         )
Defendant                                )

## COMPLAINT

NOW COMES the Plaintiff, WILLIAM P. CERTO, and his attorneys, Kimmel & Silverman, P.C., and for his Complaint against the Defendant PORTFOLIO RECOVERY ASSOCIATES LLC.

Plaintiff alleges and states as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §

1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.     Defendant conducts business and has an office in the State of New Jersey and therefore, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5.     Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## III. PARTIES

6.     Plaintiff is an adult individual who resides in Fords, New Jersey.

7.     Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692(a)(3), as he is a natural person allegedly obligated to pay a debt.

8.     Defendant, PORTFOLIO RECOVERY ASSOICATES LLC is a debt collection company with its registered address at 120 Corporate Blvd., Norfolk, Virginia 23502.

9.     Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) trying to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

10.     Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. <u>BACKGROUND ON THE FDCPA</u>

11.     The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15 U.S.C. §1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights.  15 U.S.C. §1692(k).  The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12.     In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose and forbids debt collectors from taking such action.  The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692(d).  Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e).  And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692(f).  Simply, designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, the FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements, in connection with the collection of a debt.

13.     In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).  Congress additionally found

existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers.  15 U.S.C. § 1692(b).

14.    Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors.  The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).

## V. **FACTUAL ALLEGATIONS**

15.    At all pertinent times hereto, Defendant was hired to collect a consumer debt allegedly owed by Plaintiff.

16.    The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

17.    Defendant is attempting to collect on a debt for approximately $337.76.

18.    The last payment on this account was made to the original creditor in 1995.

19.    Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt owed.

20.    Plaintiff has repeatedly requested these communications cease.

21.    However, Defendant has ignored Plaintiff's request and continued to contact him via telephone; for example, Plaintiff received a telephone call from Defendant at his home phone number on January 17, 2011 at 8:25 PM after requesting these calls cease.

22.    Defendant places collection calls to Plaintiff from multiple telephone numbers including: 205-588-8181, 404-592-5171, 440-580-0720, 412-282-1420 and 407-347-4014; the undersigned has confirmed these numbers belong to Defendant.

23.    Defendant places multiple collection calls to Plaintiff daily sometimes calling up to two times in a single day.

24.    Defendant places multiple collection calls to Plaintiff weekly sometimes calling up to ten times in one week.

25.    Defendant failed to provide appropriate notice of Plaintiff's rights under the FDCPA within 5 days after the initial communication.

## VI. CONSTRUCTION OF APPLICABLE LAW

26.    The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt

collector to be entitled to damages." <u>Russell v. Equifax A.R.S.</u>, 74 F. 3d 30 (2d Cir. 1996); <u>see also Gearing v. Check Brokerage Corp.</u>, 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); <u>Clomon v. Jackson</u>, 988 F. 2d 1314 (2d Cir. 1993).

27.    The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor.  <u>Sprinkle v. SB&C Ltd.</u>, 472 F. Supp. 2d 1235 (W.D. Wash. 2006).  The remedial nature of the FDCPA requires that courts interpret it liberally.  <u>Clark v. Capital Credit & Collection Services, Inc.</u>, 460 F. 3d 1162 (9th Cir. 2006).  "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 <i>et seq.</i>, is a remedial statute, it should be construed liberally in favor of the consumer." <u>Johnson v. Riddle</u>, 305 F. 3d 1107 (10th Cir. 2002).

28.    The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard.  <u>See Jeter v. Credit Bureau, Inc.</u>, 760 F.2d 1168 (11th Cir. 1985); <u>Graziano v. Harrison</u>, 950 F. 2d 107 (3rd Cir. 1991); <u>Swanson v. Southern Oregon Credit Service, Inc.</u>, 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to

deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

## VII. ALLEGATIONS

## COUNT I: VIOLATION OF
## FAIR DEBT COLLECTION PRACTICES ACT

29.     Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

a)     Defendant violated of the FDCPA generally;

b)     Harassing, oppressing or abusing Plaintiff in connection with the collection of a debt in violation of 15 U.S.C. § 1692d.

c)     Causing Plaintiff's telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass him, in violation of 15 U.S.C. § 1692d(5).

d)     Using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. §1692(f);

e)     Failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the

name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies verification of the debt or a copy of a judgment against the consumer and a the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor in violation of 15 U.S.C. § 1692g(a)(1-5).

f)      Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

a.      All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b.      Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d.    Any other relief deemed appropriate by this Honorable Court.

## VIII.  DEMAND FOR A JRUY TRIAL

Plaintiff demands a trial by jury as to all issues triable.

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

Respectfully submitted,

Date: __03/11/11___

By: /s/ *Amy L. Bennecoff* (AB0891)
AMY L. BENNECOFF
Attorney for Plaintiff
Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, New Jersey 08003
Telephone: 856-429-8334